UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
KENNETH H. YOUNG,                       )
                                        )   Case No. C14-1713RSL
                    Plaintiff,          )
        v.                              )
                                        )   ORDER GRANTING DEFENDANTS'
QUALITY LOAN SERVICE CORP. OF           )   MOTION TO DISMISS AND/OR
WASHINGTON, *et al.*,                   )   FOR SUMMARY JUDGMENT
                                        )
                    Defendants.         )
_____)

This matter comes before the Court on "Wells Fargo and Freddie Mac's Motion to Dismiss and/or for Summary Judgment." Dkt. # 30. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, including the parties' requests for judicial notice, the Court finds as follows:

(1) Plaintiff's objections to defendants' request for judicial notice are overruled. The original recorded documents are admissible under the hearsay exception set forth in Fed. R. Ev. 803(14). Photocopies of those original documents are admissible under Fed. R. Ev. 1003.

(2) Plaintiff's objections to the Declaration of Alisha Mulder are also overruled. Ms. Mulder states that she is familiar with the way Wells Fargo keeps its business records, reports the dates on which those records show that certain events happened, and attaches copies of two of the documents contained in plaintiff's loan file. The witness has personal knowledge of the company's recordkeeping practices and can identify the documents and notations associated

with plaintiff's loan. The Note and the HUD-1 Settlement Statement are not presented for the truth of any statement therein, but rather to show the terms to which plaintiff agreed. The recorded events are admissible under Fed. R. Ev. 803(6).

(3) Plaintiff makes no substantive response to defendants' motion. Plaintiff's quiet title claim is hereby dismissed for failure to allege facts from which one could plausibly infer that plaintiff paid the outstanding debt evidenced by the mortgage or is otherwise the rightful owner of the property. Plaintiff's Truth in Lending Act claim fails because the notice of rescission was not provided until after the statute of repose had expired. Plaintiff failed to allege his civil RICO and civil conspiracy claims, both of which are premised on an allegation of fraud, with the particularity required by Fed. R. Civ. P. 9(b). Because plaintiff has not properly pled any cause of action that could give rise to a legal right to the relief sought – whether that be a declaration of quiet title or the invalidation of the loan documents – defendants are entitled to summary judgment on plaintiff's declaratory judgment claim.

(4) Plaintiff requests an opportunity to amend his complaint, but does not identify any additional facts or legal theories that could save his existing claims or give rise to a viable cause of action. Nor has plaintiff provided a copy of the proposed amended pleading for the Court's review, as required by LCR 15. Based on his memorandum, it appears that the claims plaintiff is contemplating are based on unsupported factual allegations (that Wells Fargo does not have possession of the original promissory note) and/or untenable legal arguments (that "securitization" invalidates the underlying loan documents). Wells Fargo has submitted evidence showing that it had possession of the note at all relevant times. Plaintiff had an opportunity to provide any conflicting evidence in response to this motion but failed to do so. He offers no justification for the failure and no reason to believe that it can be remedied through amendment. To the extent plaintiff intends to argue that the securitization of his mortgage nullified the underlying debt obligation, that argument has been routinely rejected in this district. See Andrews v. Countrywide Bank, N.A., __ F. Supp.3d __, 2015 WL 1487093, at *2 (W.D. Wash.

2015); Cuddeback v. Bear Stearns Residential Mortg. Corp., C12-1300RSM, 2013 WL 5692846, at *3 (W.D. Wash. Sept. 10, 2013); McCarty v. U.S. Bank, N.A., C11-5078RBL, 2012 WL 1751791, at *2 (W.D. Wash. May 16, 2012). The Court therefore finds that the proposed claims would be futile.

For all of the foregoing reasons, defendants' motion to dismiss and/or for summary judgment is GRANTED and plaintiff's request for leave to amend is DENIED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 7th day of July, 2015.

*[signature]*

Robert S. Lasnik
United States District Judge